Leland **FRIAR**, Plaintiff,

v.

**KIRKWOOD SPORTS ASSOCIATION, INC., d/b/a/ Kirkwood Athletic Association, et al., Appellant.**

v.

**KIRKWOOD MEMORIAL POST #156 BUILDING ASSOCIATION,** Respondent.

No. 72426.

Missouri Court of Appeals, Eastern District, Division Three.

March 3, 1998.

Eugene Portman & Wrenn Terrill, Clayton, for appellant.

Law Offices of Mark R. Rudoff, Mathieu D. Bregande, St. Louis, for respondent.

KAROHL, Judge.

Third-party plaintiff, Kirkwood Sports Association, (Association) appeals summary judgment granted in favor of third-party defendant, Kirkwood Memorial Post # 156 Building Association (Post # 156). The parties disputed the legal issue whether the legal relationship of the parties was that of landlord-tenant or licensor-licensee. The Association argued the relationship was that of landlord-tenant. The trial court granted summary judgment characterizing Post # 156 as a licensee. We reverse and remand.

Plaintiff, Leland Friar, filed an amended petition against Association alleging he sustained personal injuries while participating in a baseball game on an athletic field owned by Association. He alleged that when he slid into second base, he injured his right knee and leg when he came into contact with a medal bar protruding from the base. He alleged Association negligently modified the base and failed to exercise reasonable care to protect him from the danger. That claim is pending.

Association filed a third party petition against Post # 156 alleging Post # 156 leased from Association exclusive use of the baseball field for specific dates in exchange for a fee paid to Association. Post # 156 had the use of the field when Friar was injured. In its third-party petition, Association alleged that if plaintiff recovered a judgment against Association, it was entitled to recover from Post # 156 the entire amount of plaintiff's recovery, in addition to costs, attorneys fees, and other related expenses.

Post # 156 filed a motion for summary judgment alleging there was no lease. The trial court sustained the motion for summary judgment on the basis of a single finding, "[t]he relationship between the parties, as a matter of law, was that of licensee, not landlord-tenant." It certified its judgment as final for purposes of appeal. The trial court denied Association's motion to amend, modify, or vacate the judgment.

Our review of appeals from summary judgment is essentially *de novo*. *ITT*

*Commercial Finance v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). When reviewing the grant of a summary judgment, the record is viewed in the light most favorable to the non-prevailing party. *Id.* Summary judgment is appropriate where the movant demonstrates, on the basis of facts to which there is no genuine dispute, right to judgment as a matter of law. *Id.* For the non-moving party to be successful, it must show by affidavit, deposition, answers to interrogatories, or admissions on file, that one or more material facts is genuinely in dispute. *Id.* at 381. An issue is genuine only if it is real and substantial. *Id.* at 378.

In its motion for summary judgment, Post # 156 requested the court to determine there was no lease between Post # 156 and Association as a matter of law.[1] In its order for summary judgment, the trial court concluded that Post # 156 was a licensee, therefore, no landlord-tenant relationship existed. The judgment did not include any finding regarding Post # 156's duty to inspect the field prior to the ball game, if any.

■ The characterization of the relationship between Association and Post # 156 is not decisive in this dispute. In its reply to Association's memo in opposition to the motion for summary judgment, Post # 156 discussed its agreement with Association to inspect the field. Association, by way of the affidavit of Dennis Hummert, manager of Association at the time of the injury, made reference to the information provided to baseball team managers, coaches, and umpires which suggested how teams should inspect the field before playing a game. This information was provided to Post # 156 as contained in Exhibit A. This document instructed Post # 156 to survey the surface of the field to ascertain the shape of the field. It advised the manager or coach to check the grounds for broken glass, potholes, debris, and other dangerous hazards. It specifically advised the inspector of the field to "make sure the bases are secured in place, and that no sharp objects are exposed. Loose bases

can cause tripping and sliding injuries." Post # 156 admits the manager of the team made a visual inspection of the field prior to the game. In its reply to Association's memo in opposition to the motion for summary judgment, Post # 156 admits Exhibit A "memorialized the agreement the parties had as to inspections."

Thus, Association and Post # 156 agree Post # 156 assumed a duty to inspect the field prior to the game. There was an agreed and assumed duty for Post # 156 to inspect. The operative legal relationship between the parties does not resolve the issue of duty to inspect or breach of that duty. A material disputed issue of fact remains, whether the inspection comports with the inspection described in the parties' agreement. The motion for summary judgment was inappropriate because, on summary judgment facts, Post # 156 was not entitled to summary judgment as a matter of law.

Reversed and remanded.

AHRENS, P.J., and CRANDALL, J., concur.

---

1. It also sought summary judgment on the grounds it did not have anything to do with the maintenance, control, or set up of the bases.

This is a disputed fact issue which the court did not decide.